**Original filed 2/2/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LORENZO ARTEAGA, | ) | No. C 06-1968 JF (PR) |
| Petitioner, | ) ) | ORDER OF DISMISSAL |
| vs. | ) ) | WITH LEAVE TO AMEND; DENYING MOTION FOR |
| FRANK HALL, et al., | ) ) | APPOINTMENT OF COUNSEL |
| Respondents. | ) ) | |
| | ) | (Docket No. 11) |

Petitioner is a state prisoner and frequent litigant in this court. He filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against the Director of the Santa Clara County Department of Corrections and others to return his property and release him into the general population at the county jail. Petitioner filed two applications to proceed in forma pauperis under 28 U.S.C. § 1915.[1] On October 6, 2006, the Court ordered

---

[1] The United States Supreme Court, noting that Arteaga had filed twenty petitions with the Supreme Court, sixteen within two terms, has barred in forma pauperis filings by him in civil rights cases. Arteaga v. United States Court of Appeals for the Ninth Circuit, 522 U.S. 446 (1998). Arteaga is subject to a pre-filing review order in the United States Court of Appeals for the Ninth Circuit, which has declined to allow him to appeal in nine cases from this Court, and which instructed its clerk to return his papers unfiled in those cases. In re Lorenzo Arteaga, No. 95-80113 (9th Cir. July 9, 1998).

Order of Dismissal with Leave to Amend; Denying Motion for Appointment of Counsel
P:pro-se\sj.jf\hc.06\Arteaga968dwlta            1

Petitioner to show cause why this action should not be dismissed pursuant to 28 U.S.C. § 1915(g) because he had at least three prior cases dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. See Arteaga v. United States Court of Appeals for the Ninth Circuit, 522 U.S. 446 (1998); C 94-1575-FMS, Arteaga v. CDC; C 94-3046-FMS, Arteaga v. Wilson; C 94-4466-FMS, Arteaga v. Wilson.

On November 8, 2006, Plaintiff filed a response to the Order to Show Cause, stating that he has paid the $5.00 filing fee in full for the instant habeas corpus action. Petitioner then filed a petition on November 14, 2006. However, Petitioner's claims are not cognizable. Accordingly, the Court will dismiss the petition with leave to amend and deny Petitioner's motion for appointment of counsel (docket no. 11) without prejudice.

## DISCUSSION

A.  The Merits

**1.  Standard of Review**

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

**2.  Petitioner's Claims**

It appears from the petition that Petitioner challenges a Santa Clara County juvenile court proceeding. However, this Court does not have jurisdiction to review a state court juvenile dependency proceeding. If Petitioner intends to challenge a state

court criminal conviction, the Court notes that federal habeas petitioners are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981); McNeeley v. Arave, 842 F.2d 230, 231 (9th Cir. 1988).  The state's highest court must be given an opportunity to rule on the claims even if review is discretionary.  See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process").  Therefore, Petitioner cannot present claims to this Court which he has not first raised in the highest state court available, the Supreme Court of California, usually by direct appeal or by way of a state habeas petition.

The Court cannot fairly evaluate the petition in its present state.  Accordingly, the Court will allow Petitioner an opportunity to file an amended petition on the Court's habeas form to correct these deficiencies.

B.     Motion for Appointment of Counsel

Petitioner has filed a motion for appointment of counsel.  However, the Sixth Amendment's right to counsel does not apply in habeas corpus actions.  Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986).  18 U.S.C. § 3006A(a)(2)(B) authorizes appointment of counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation."  The decision to appoint counsel is within the discretion of the district court.  See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984).

The Court concludes that the interests of justice do not require appointment of counsel at this time.  The Court has yet to review the claims set forth in the instant petition, nor the merits of these claims.  Appointment of counsel is premature at this stage

1  of the proceedings.  Accordingly, Petitioner's motion for appointment of counsel (docket
2  no. 11) is DENIED without prejudice.

**CONCLUSION**

1.   Petitioner's motion for appointment of counsel (docket no. 11) is DENIED without prejudice.

2.   The instant petition is DISMISSED with leave to amend within **thirty (30) days** from the date of this order.  The amended petition must include the caption and civil case number used in this order (C 06-1968 JF (PR)) and the words AMENDED PETITION on the first page.  The amended petition shall be on the Court's form for habeas petitions, **a copy of which is enclosed with Petitioner's copy of this order.**

Petitioner shall take care to write clearly and legibly, so that the Court can read what he writes.  He must clearly state the grounds for relief challenging his underlying state court criminal conviction.  He must set out how he has exhausted his claims, that is, what he did to present them first to the highest state court available, which is the Supreme Court of California.

3.   It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: __2/2/07_____

JEREMY FOGEL
United States District Judge

1 | A copy of this ruling was mailed to the following:

2

3 | Lorenzo Arteaga
E-66703
Santa Clara County Dept. Of Corrections
4 | 170 West Hedding Street
San Jose, CA 95110

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal with Leave to Amend; Denying Motion for Appointment of Counsel
P:pro-se\sj.jf\hc.06\Arteaga968dwlta          5